IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff/Appellant, | ) |
| -vs- | ) Case No. 15-5042 |
| KEENAN DANCELL VERNER, | ) |
| Defendant/ Appellee. | ) |

**APPELLEE'S RESPONSE TO MOTION
TO FILE SUPPLEMENTAL APPENDIX**

The Appellee, Keenan Dancell Verner, respectfully submits this Response to the government's Motion to File a Supplemental Appendix the record in this appeal.

1. The government appeals the district court's grant of a Motion to Suppress evidence that the government claims was recovered from Mr. Verner's body subsequent to his unlawful arrest.

2. In the district court, the only argument properly raised by the government was its contention that Mr. Verner was not arrested, but was instead subjected to a mere investigatory detention (*Terry* stop).

3. The district court held a hearing in which it heard testimony regarding the stop. Additionally, the district court considered a dash cam video of the arrest. The district court found that Mr. Verner had, in fact, been *arrested* in the absence of probable cause.

4. Thereafter the government filed a Motion to Reconsider. The government did not challenge the district court's finding that Mr. Verner had, in fact, been arrested at the very beginning of his encounter with the police. Instead, the

government abandoned its argument that there had been no arrest. It argued for the first time that Mr. Verner had not proven that there was a causal nexus between the unlawful arrest and the illegal drugs that the government claims were found on his person.

5. The district court denied the Motion to Reconsider. In part, the district court rejected the Motion to Reconsider because the government had unfairly tried to make new arguments after the hearing.

6. The government then filed this appeal. The government's opening Brief raised a single issue: "whether the defendant sustained his burden of showing that the unlawful arrest was the but-for cause of the discovery of methamphetamine on his person. . . ." (Opening Brief, p. 1). The government did not challenge the district court's factual finding that the police arrested Mr. Verner when they first pointed guns at Mr. Verner during the arrest.

7. When the government filed its Appendix in this appeal, it did not include a copy of dash cam video that showed how the arrest occurred.

8. Based on the sole issue actually raised by the government in its Brief, and the government's failure to challenge the district court's finding that Mr. Verner was arrested at the very beginning of the encounter, Mr. Verner did not supplement the record on appeal by providing the dash cam video. The government did not take issue with the district court's factual findings that Mr. Verner was arrested or that the arrest occurred at the very beginning of his encounter with the police.

9. The government suggests that it is necessary to supplement the record

2

on appeal because Mr. Verner's Appellee's Brief made the dash cam video relevant. However, there is nothing whatsoever in Mr. Verner's Brief that created a new need by the government to include the dash cam video in the appellate record. Instead, the government apparently now wants to make new arguments in a reply brief that relate to the facts of the arrest.

10. Federal Rule of Appellate Procedure 10 relevantly states as follows:

(e) Correction or Modification of the Record.

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

   (A) on stipulation of the parties;

   (B) by the district court before or after the record has been forwarded; or

   (C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

11. In this instance, the government made a conscious choice to omit the dash cam video from the appellate record. Its Opening Brief did not challenge the district court's finding that Mr. Verner was arrested at the very beginning of the encounter.

12. Rule 10 does not contemplate that an appellant will be allowed to choose to omit evidence from the record only to supplement the record and raise new matters

in a Reply Brief. However, that appears to be what the government hopes to do here.

13. The Court should not allow the government to include new matters in the record for the purposes of making new arguments in a Reply Brief that could have been included in the Appellant's Brief.

        Respectfully submitted,

        TAYLOR, RYAN, MINTON, VAN DALSEM,
         & WILLIAMS, P.C.

        By s/Neil D. Van Dalsem
         NEIL D. VAN DALSEM - OBA #16326
         ROBERT SCOTT WILLIAMS - OBA #19974
         Suite 1080 Boulder Towers
         1437 S. Boulder Ave.
         Tulsa, OK 74119-3640
         (918) 749-5566

## CERTIFICATE OF REDACTIONS AND VIRUS SCAN

The undersigned certifies that no privacy redactions were necessary, that this Motion has been scanned for viruses, and that no paper copies are required.

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 10, 2015, I electronically filed the foregoing Motion with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. I certify that service on all registered CM/ECF users was accomplished by the appellate CM/ECF system.

        s/Neil D. Van Dalsem
        NEIL D. VAN DALSEM