

**U.S. Department of Justice**

Criminal Division

_____

*Appellate Section*                    *Washington, D.C. 20530*

June 22, 2016

Hon. Elisabeth Shumaker
Clerk
United States Court of Appeals
  for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

Re:    Fed. R. App. P. 28(j) Letter
       *United States v. Verner,*
       No. 15-5042
       Argued and Submitted on January 21, 2016
       before Kelly, Murphy, O'Brien, JJ.

Hon. Elisabeth Shumaker:

On June 20, 2016, the Supreme Court decided *Utah v. Strieff*, No. 14-1373, 2016 WL 3369419, holding that an arrest pursuant to an outstanding warrant is lawful even if officers become aware of the warrant during an unlawful seizure, unless there has been flagrant police misconduct. *Strieff* potentially is relevant to *Verner* because an outstanding warrant to arrest Verner was discovered by a routine warrants check during a seizure that initially was a lawful investigative detention based on reasonable suspicion but immediately was transformed into an unlawful arrest when officers displayed their firearms without a sufficient officer-safety justification. *Strieff* supersedes previously controlling precedent to the contrary in this Circuit. *See United States v. Olivares-Rangel*, 458 F.3d 1104 (10th Cir. 2000) (fruits of identity information obtained during unlawful seizure are suppressible); *United States v. Lopez*, 443 F.3d 1280 (10th Cir. 2006)

1

(applying *Olivares-Rangel* to discovery of outstanding arrest warrant during unlawful seizure).

In its opening brief in *Verner*, which was filed before certiorari was granted in *Strieff*, the government did not raise the argument the Supreme Court accepted, and thus the argument has been waived in this case.  *See, e.g., United States v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (arguments not raised in the opening brief are waived).  We request, however, that the Court consider exercising its discretion to address this waived issue, or to leave the matter open for consideration by the district court, if appropriate.  *See Planned Parenthood of Kan. & Mid–Missouri v. Moser,* 747 F.3d 814, 836 (10th Cir.2014) ("Waiver * * * binds only the party, not the court. * * * [I]t is well-settled that courts have discretion to raise and decide issues *sua sponte*, even for the purpose of reversing a lower-court judgment."); *United States v. Moser*, No. 13-6052, 2015 WL 6773933, at *16 n.27 (10th Cir.) (unpublished order and judgment) (invoking such discretion in a government appeal); *cf. United States v. Huff*, 782 F.3d 1221, 1225 (10th Cir. 2015) ("the exclusionary rule was not crafted to deter judicial or prosecutorial error or oversight, but to deter illegal police searches and seizures").

Respectfully submitted,

Richard A. Friedman, Esq.
Counsel for Appellant United States